HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS SHEPHERD, et al.,

    Plaintiffs,

  v.

WELDON MEDIATION SERVICES, INC., et al.,

    Defendants.

CASE NO. C10-1217RAJ

ORDER

This matter comes before the court on Plaintiffs' motion to voluntarily dismiss some of their claims (Dkt. # 148) and the parties' joint motion to vacate the trial date (Dkt. # 153). The court GRANTS the motion for voluntary dismissal except to the extent that it purports to preserve certain claims for attorney fees and dismisses some of Plaintiffs' claims as stated at the conclusion of this order. The court GRANTS the motion to vacate the trial date, and directs the clerk to VACATE the trial date along with the deadlines for pretrial submissions, beginning with the May 7 deadline for motions in limine. The court will impose a new trial date and related deadlines in its order resolving the parties' motions for summary judgment.

In this litigation, Plaintiffs are pursuing three sets of claims for relief against the Seattle Housing Authority ("SHA") and individual Defendants who work for or with

ORDER – 1

SHA. These three sets of claims are the subject of three currently pending sets of cross-motions for summary judgment.

After the parties had completed briefing on the summary judgment motions, they attended mediation. Although they did not resolve all of their disputes, they reached agreement on some of them. They memorialized their accord in a single-page Partial Settlement Agreement ("Agreement"), which all interested parties signed on March 28.

In addition to an unrelated issue,[1] the Agreement addressed one of Plaintiffs' three sets of claims. Those claims focused on SHA's Tenant Trust Account program. Plaintiff Komba Ngauja was the sole individual Plaintiff with a Trust Account dispute. Plaintiff Resident Action Council ("RAC"), a coalition of SHA tenants, also joined Mr. Ngauja as to a broader set of claims regarding SHA's administration of the Trust Account program. The Agreement dispensed with all of the Trust Account claims as follows:

> Komba Ngauja's request to withdraw the entire balance ($732.50) of his Tenant Trust Account is approved; the fund shall be released to Ngauja forthwith as reimbursement for qualified moving expenses. SHA shall disburse the payment to Ngauja no later than April 15, 2012;
>
> Plaintiffs will dismiss any and all claims they raised or could have raised regarding Mr. Ngauja's Tenant Trust Account or the terms or procedures relating to SHA's Tenant Trust Account program. This includes but is not limited to the claims asserted by plaintiffs in their summary judgment motion, claims regarding TTA funds as property interests entitled to due process, and claims regarding entitlement to grievance hearings relating to the administration of TTA accounts.

Agreement (Dkt. # 148-1). The Agreement reserved "[a]ll remaining claims raised by the parties in their cross-motions for summary judgment" for this court to resolve. *Id.* The parties further agreed to prepare a joint statement advising the court of their settlement. *Id.*

---

[1] The first sentence of the Agreement resolves a dispute over Plaintiff Douglas Shepherd's plumbing bill. Agreement (Dkt. # 148-1) ("SHA will waive plaintiff Shepherd's plumbing bill on his tenant ledger.") The Agreement never again mentions Mr. Shepherd or his claims. It contains no explicit agreement to dismiss his claims in whole or in part.

ORDER – 2

1   This order should be a celebration of the parties' willingness to resolve their
2   disputes, as well as a commendation for doing so in plain English in an Agreement of
3   only a single page. Instead, it will serve as critique of what appears to be Plaintiff's
4   counsel's knowing assertion of an untenable interpretation of the Agreement.

5   Plaintiffs agreed to dismiss "*any and all claims they raised or could have raised*"
6   regarding Mr. Ngauja's Trust Account and SHA's Trust Account program more broadly.
7   *Id.* (emphasis added). Plaintiffs now insist that they somehow agreed to dismiss "any and
8   all" Trust Account claims *except* their claims for attorney fees and costs based on the
9   Trust Account claims. The Agreement's language is not remotely susceptible of this
10  interpretation. This is true as a matter of common sense. It is true as a matter of law.
11  *See*, *e.g.*, *McGuire v. Bates*, 234 P.3d 205, 207 (Wash. 2010) ("There is only one
12  reasonable meaning that can be ascribed to the words in [the parties'] agreement to settle
13  'all claims' 'pursuant to RCW 4.84.250-.280'." That meaning . . . is that all claims
14  encompasses all claims, including claims for attorney fees."); *see also Lietz v. Hansen
15  Law Offices, PSC*, 271 P.3d 899, 910 (Wash. Ct. App. 2012) ("*McGuire* appears to
16  underscore that when a settlement offer explicitly states that it settles '*all* claims,' it
17  means precisely what it says: The settlement agreement extinguishes all claims relating to
18  the underlying dispute, including any related claims for attorney fees."). Plaintiffs'
19  attempt to distinguish these cases by noting that they did not dismiss all claims, but rather
20  all claims related to the Trust Accounts, is a distinction without a difference.

21  The court would be less suspicious of Plaintiff's counsel's good faith if the
22  evidence suggested that counsel actually believed the Agreement's language exempted
23  attorney fee claims from its release. The evidence suggests otherwise. No one suggests
24  that the parties discussed attorney fees during their mediation or reached any explicit
25  agreement about attorney fees. They did not mention attorney fees in the Agreement.
26  After the parties signed the Agreement, Plaintiffs' counsel took the initiative to send

ORDER – 3

Defendants a draft stipulation and proposed order that would effectuate the Agreement by dismissing certain claims in this litigation. Whereas the Agreement made no mention of attorney fees, the proposed order did. Rather than dismissing "any and all claims" related to Tenant Trust accounts as the Agreement promised, the order Plaintiffs' counsel drafted would have dismissed "[a]ll claims asserted by Plaintiff Komba Ngauja against all defendants, *except any claims for costs and/or attorney fees incurred in this litigation*." Dorrity Decl. (Dkt. # 151), Ex. 2 (emphasis added). In other words, Plaintiffs' counsel recognized that without language explicitly exempting attorney fee claims from "all claims," the phrase "all claims" naturally included claims for attorney fees. Plaintiffs' counsel's assertion of the opposite position in the motion now before the court only serves to emphasize the unreasonableness of the position.

Plaintiffs urge the court not to decide whether the Agreement releases attorney fee claims related to the Trust Accounts. They contend that the issue is not ripe, because the court will not have to consider a request for attorney fees until after the entry of judgment. Plaintiffs fail to acknowledge, however, that Defendants have indicated they would not have entered the Agreement if it did not extinguish Trust-Account-related attorney fee claims. Defendants would apparently prefer to litigate the Trust Account claims rather than face the possibility of paying attorney fees related to those claims at the conclusion of this litigation. The interpretation of the Agreement with respect to attorney fees is thus a ripe dispute.

The court rules that the Agreement extinguishes all claims related to Trust Accounts, including claims for attorney fees. This means that the court need not consider the parties' cross-motions for summary judgment on Trust Account issues. Dkt. ## 122, 132. The court will consider those motions only to the extent they address a dispute about Plaintiff Khadija Bin's rent, a dispute that is not related to Trust Accounts.

ORDER – 4

The court will also not consider the parties' summary judgment motions to the extent they raise a dispute over Plaintiff Shepherd's plumbing bills. *See supra* n.1.

The parties jointly ask the court to vacate the June 4 trial date pending the court's decision on their summary judgment motions. The parties believe that the court's resolution of those motions will, at a minimum, pare down the issues that remain for resolution at trial, and thus will impact the scope of their trial preparation. Although the parties do not explicitly mention other pretrial deadlines, including deadlines for motions in limine, an agreed pretrial order, and the like, the court assumes the parties would prefer to postpone them as well.

The court grants the parties' request. The court vacates the trial date and all pretrial deadlines beginning with the May 7 deadline for motions in limine. The court notes that when it resolves the pending motions, it will likely set a trial date for approximately five weeks thereafter.

Dated this 1st day of May, 2012.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5