THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS SHEPHERD, KOMBA NGAUJA KHADIJA BIN and the RESIDENT ACTION COUNCIL,

Plaintiffs,

v.

WELDON MEDIATION SERVICES, INC., LAWRENCE N. WELDON, SEATTLE HOUSING AUTHORITY, and TOM TIERNEY, Executive Director of Seattle Housing Authority, in his Official Capacity,

Defendants.

NO. 10-1217-RAJ

PLAINTIFFS' MOTION TO DISMISS CERTAIN CLAIMS

**NOTED FOR HEARING: OCTOBER 26 , 2012**

## I. RELIEF REQUESTED

Plaintiffs Khadija Bin and Resident Action Council seek an order dismissing the following claims pursuant to Federal Rule of Civil Procedure 41(a)(2):

1. Plaintiffs' claims regarding SHA's Translation Policy, briefed in Plaintiff's Motion for Summary Judgment on Document Translation Issues, Dkt. No. 121 at pp. 1-15 (hereafter, the "language access claim");

2. Plaintiffs' claims regarding SHA's obligation to establish procedures for compulsory process in grievance hearings, briefed at Dkt. No. 120 at p. 23 (hereafter, the "compulsory process claim;") and



**Northwest Justice Project**
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519 Fax (206) 624-7501

3. Plaintiffs' claims requesting the Court to appoint a master to review past grievance decisions, briefed at Dkt. No. 120 at p. 24 (hereafter, the "special master claim").

## II. STATEMENT OF FACTS

2.1. On February 16, 2012, Plaintiffs filed three motions for summary judgment, including: (a) on Grievance Hearing Issues, (b) on Language Access Issues, and (c) on Tenant Trust Accounts & Status of K. Bin's Rent. The Defendants filed cross-motions for summary judgment on February 29, 2012.

2.2. On September 24, the Court entered an Order scheduling the Plaintiffs' and Defendants' motions for oral argument. See Dkt. No. 158. In addition, the Court provided all parties its preliminary conclusions regarding the parties' summary judgment motions. See Dkt. No. 158-1.

2.3. After discussing the Court's preliminary conclusions with counsel, the Plaintiffs no longer wish to proceed on their language access claim, their compulsory process claim, or their special master claim. Though the Plaintiffs still feel that their positions on each of those issues have merit, the Plaintiffs do not anticipate that the Court will adopt their reasoning on those matters and would prefer to concede to the dismissal of those claims rather than require the Court and the parties to expend further time and resources on them.

2.4. Accordingly, the Plaintiffs have chosen to file this motion for dismissal of their language access claim, their compulsory process claim, and their special master claim, and to proceed only on their remaining claims.

## III. STATEMENT OF ISSUES PRESENTED

Federal Rule of Civil Procedure 41(a)(2) provides that the Court may dismiss claims at the plaintiff's request by court order, on terms the Court considers proper. The Plaintiffs, by this motion, request that the Court dismiss certain claims. Should the Court dismiss those claims?



**Northwest Justice Project**
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519 Fax (206) 624-7501

## IV. EVIDENCE RELIED UPON

Plaintiffs rely upon the court file.

## V. AUTHORITY AND ARGUMENT

Federal Rule of Civil Procedure 41(a)(2) governs the voluntary dismissal of civil actions. Under Rule 41(a)(2), if a plaintiff files a motion to voluntarily dismiss some of her claims in a pending action, the Court acquires the discretion to dismiss those claims "on terms that the court considers proper." See *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980)("A rule 41(a)(2) motion is addressed to the sound discretion of the court, and its order is not subject to reversal unless the district court abused its discretion.").

Unless the defendant has pleaded a counterclaim that cannot "remain pending for independent adjudication," there is ordinarily no reason not to dismiss claims that a plaintiff has opted to relinquish. See Fed.R.Civ.P. 41(a)(2); see also *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." ). Rather, the common point-of-contention in such motions concerns the appropriate terms on which to order the dismissal. See *Bridgeport Music, Inc. v. Universal –MCA Music Publishing, Inc.*, 583 F.3d 948, 954 (7th Cir. 2009)("A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without legal prejudice."). No defendant has pleaded any counterclaims in this action. Therefore, the key question concerns the terms on which the dismissal order should be entered.

"Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). In this case, the claims the Plaintiffs seek to dismiss have been extensively litigated, almost to a final decision on the



**Northwest Justice Project**
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519 Fax (206) 624-7501

merits. The Plaintiffs acknowledge that it could be inequitable or unfairly prejudicial to the Defendants for their claims to be dismissed without prejudice, and, thus, potentially re-filed later under different circumstances more favorable (to the Plaintiffs). Therefore, the Plaintiffs concede that dismissal of these claims, with prejudice as a term, would be appropriate. See *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D.Cal. 1993), aff'd sub nom., *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995). ("Whether to allow dismissal with or without prejudice is discretionary with the court, and it may order the dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action.").

A dismissal with prejudice (on the language access, compulsory process, and special master claims) would represent a final adjudication on the merits and preclude any subsequent litigation on those claims. See *Smoot v. Fox*, 340 F.2d 301, 302 (6th Cir. 1964). "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Id.* at 302. An order for voluntary dismissal with prejudice would thus prevent the Defendants from suffering any legal prejudice.

## VI. CONCLUSION

For the reasons stated above, the Court should enter an order dismissing the Plaintiffs' language access claim, compulsory process claim, and special master claim under Rule 41(c)(2).

RESPECTFULLY SUBMITTED this 4th day of October, 2012.

**NORTHWEST JUSTICE PROJECT**

By: ______________________
Leticia Camacho, WSBA #31341/Eric Dunn, WSBA #36622
Allyson O'Malley-Jones, WSBA #31868
Attorneys for Plaintiffs



**Northwest Justice Project**
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519 Fax (206) 624-7501