1                    THE HONORABLE RICHARD A. JONES

2

3

4

5

6

7                 UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON

8                     AT SEATTLE

9  DOUGLAS SHEPHERD, KHADIJA BIN,
    KOMBA NGAUJA, and the RESIDENT      NO.  2:10-cv-1217 RAJ
10  ACTION COUNCIL,

11                       Plaintiffs,    DEFENDANT SEATTLE HOUSING
                             AUTHORITY AND TOM TIERNEY'S
      v.                        RESPONSE TO PLAINTIFFS' MOTION
12                                TO DISMISS
    WELDON MEDIATION SERVICES, INC.,
13  LAWRENCE N. WELDON, SEATTLE
    HOUSING AUTHORITY, U.S.            NOTED FOR HEARING:
14  DEPARTMENT OF HOUSING & URBAN     OCTOBER 26, 2012[1]
    DEVELOPMENT, and TOM TIERNEY,
15  Executive Director of Seattle Housing
    Authority, in his Official Capacity,

16
                       Defendants.
17

18        Defendants Seattle Housing Authority and Tom Tierney ("SHA") submit this response in

19  opposition to plaintiffs' Motion to Dismiss certain claims.  Both plaintiffs and SHA spent countless

20  hours preparing these claims through discovery to the submission of multiple complex summary

21  judgment motions.  The Court provided a comprehensive preliminary ruling addressing the complex

22  
[1] Although plaintiffs' originally noted their for October 26, pursuant to the Court's directive on October 5, SHA's response is due no later than noon on October 18 and plaintiffs' reply no later than noon on October 19.

                        **A n d r e w s ▪ S k i n n e r ,  P . S .**
                        *645 Elliott Ave. W., Ste. 350*
                        *Seattle, WA 98119*
                        *Tel: 206-223-9248 ▪ Fax: 206-623-9050*

issues before it.  Plaintiffs now seek to undermine the years of work SHA has put into defending this case and briefing the issues and the countless hours the Court took in deciding the legal issues presented to it by dismissing the claims that the Court resolved in SHA's favor.  Plaintiffs' request for voluntary dismissal is a blatant effort by plaintiffs to avoid an adverse ruling on the merits of the claims decided against them by this Court.  Plaintiffs' motion is a disingenuous use of Rule 41(a)(2) and should be denied.  SHA respectfully submits that the Court should decline to hear oral argument on the issues enumerated in plaintiffs' motion and enter its summary judgment order dismissing on the merits plaintiffs' LEP, subpoena power, and special master claims.

**A.      Plaintiffs Have Conceded the Issues of Language and Translation Policy, Appointment of a Special Master, and Compulsory Process for Tenants**.

Plaintiffs assert that they would prefer to proceed only on the remaining claims, seeking to avoid "further time and resources" on the issues of language access, compulsory process, and the appointment of a special master.  Of course, plaintiffs seek to dismiss only those claims with full knowledge of the Court's preliminary ruling.  It is telling that plaintiffs did not seek to voluntarily dismiss these claims after they received SHA's briefing pointing out their lack of merit.  Instead, they waited for the Court's analysis and, only when the Court ruled against them, sought dismissal to avoid the adverse ruling on the merits.

Plaintiffs' representation now that they do not want to expend additional resources on oral argument is specious.  Plaintiffs filed their multifarious claims in this case in 2010, forcing SHA to conduct extensive discovery (there were fourteen depositions of witnesses and multiple sets of written discovery served) and extensively brief cross-motions for summary judgment.

Andrews•Skinner, P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 • Fax: 206-623-9050*

Even after the summary judgment motions were filed, plaintiffs had over six months to dismiss the claims while the summary judgment motions were pending, but they did not do so.

By filing their motion to dismiss, plaintiffs have conceded they have lost on those claims, and no oral argument is needed on those issues.  Oral argument is entirely discretionary with the Court and SHA agrees no oral argument is needed on the issues enumerated in plaintiffs' motion. The Court should accept plaintiffs' concessions and enter its summary judgment order and analysis on the merits as its final order on the enumerated claims.

**B.    Rule 41(a)(2) Should Not Be Used When Dismissal Would Legally Prejudice SHA and Permit Plaintiffs to Avoid an Adverse Decision on a Dispositive Motion.**

Plaintiffs cannot voluntarily dismiss their claims without a court order.  Fed. R. Civ. P. 41(a)(2).  District courts have properly exercised their discretion to deny motions for dismissal when there is evidence of legal prejudice as well as where parties seek to dismiss in lieu of an adverse decision.  SHA submits that the Court should exercise its discretion and not permit voluntary dismissal as there is evidence of legal prejudice and plaintiffs are simply seeking to avoid an adverse decision.

Preliminarily, plaintiffs provide no good cause for dismissal.  They state they are simply seeking to avoid "further time and resources" in addressing the claims decided adversely to them.  Of course, if that were the case, plaintiffs could accomplish the same goal by not arguing those decisions at oral argument or agreeing to enter the Court's preliminary order as written as to those issues.

Voluntary dismissal under Rule 41(a)(2) should not be granted if there would be legal prejudice to the opposing party.  *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir.2001) (footnote

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO DISMISS (2:10-cv-1217 RAJ) - 3

**A n d r e w s ▪ S k i n n e r ,   P . S .**
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1   omitted).   Legal prejudice is "prejudice to some legal interest, some legal claim, some legal

2   argument." *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir.1996).  SHA has a

3   legal interest in having the Court's order on summary judgment entered.   The issues regarding

4   interpretation and translation, subpoena-like powers, and appointment of a special master are

5   purely legal issues; the court's resolution of those issues will be applicable and relevant to future

6   litigants as it was to the plaintiffs.   To permit the plaintiffs to voluntarily dismiss adversely-

7   decided claims would deprive SHA of a ruling that SHA or other housing authorities may later

8   use to defend challenges to translation policies.   SHA would be legally prejudiced in that it

9   would be unable to obtain a final determination on legal issues that had been determined in its

10  favor and denied the opportunity to utilize the Court's analysis in later proceedings.   SHA is

11  entitled to entry of summary judgment on those issues, which have been fully and completely

12  briefed by the parties and resolved by the Court.

13      Moreover, denying voluntary dismissal under these circumstances comports with the

14  purpose of the rule "to prevent voluntary dismissals which unfairly affect the other side."

15  *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quoting 9 C. Wright

16  and A. Miller, *Federal Practice and Procedure* § 2364 at 279 (2d ed. 1994)).   Permitting

17  plaintiffs to dismiss these claims after extensive time and resources have been expended in

18  briefing the claims and conducting discovery into plaintiffs' allegations is inherently unfair in

19  addition to prejudicial.   Dismissing the claims with prejudice does not remedy the inequality of

20  dismissing the claims without adjudication of the claims.   The reality is that even if these

21  particular plaintiffs were precluded from raising the issues, plaintiffs' counsel, a well-known

22  public interest firm, may seek to raise the same arguments with different plaintiffs.   Denying

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO DISMISS (2:10-cv-1217 RAJ) - 4

A n d r e w s ▪ S k i n n e r ,   P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1  entry of the Court's order deprives SHA of validation of the legal arguments that it fought for

2  and were encapsulated in the Court's preliminary ruling.

3  Finally, outright dismissal should be refused when a plaintiff seeks to circumvent an

4  expected adverse result.  *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.

5  1996); *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203-04 (N.D. Tex. 1988).

6  Courts have denied voluntary dismissal when summary judgment motions are pending, let alone

7  resolved.  *See, e.g., Pace v. S. Exp. Co.,* 409 F.2d 331, 334 (7th Cir. 1969) (denying motion to

8  dismiss without prejudice where defendant's motion for summary judgment was pending and

9  plaintiff failed to file a response brief but filed the motion to dismiss).  In our case, plaintiffs are

10  seeking to circumvent a <u>known</u> adverse result after briefing on the issues was completed.  SHA

11  will be legally prejudiced if plaintiffs' tactics were rewarded.

12  Lastly, plaintiffs were dilatory in seeking dismissal.  As noted above, they had sufficient

13  time to consider SHA's arguments and briefing on summary judgment and dismiss their claims,

14  but they waited until the Court issued its preliminary ruling.  To permit dismissal robs SHA of a

15  determination of the legal issues raised by plaintiffs and decided by the Court.

16  **C.    If the Plaintiffs' Motion to Dismiss Were Granted, SHA Should Receive Its Attorneys' Fees Related to the Dismissed Claims.**

17

18  As indicated, SHA submits that in lieu of granting plaintiffs' motion, the Court should

19  simply decline to hear oral argument on the issues enumerated in plaintiffs' motion and enter its

20  Preliminary Order as its final order on the issues.  If the Court were to instead allow plaintiffs to

21  voluntarily dismiss their claims and avoid an adverse ruling on these issues, SHA submits that an

22  appropriate condition would be the award of attorneys' fees and costs incurred in defending these

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO DISMISS (2:10-cv-1217 RAJ) - 5

A n d r e w s • S k i n n e r ,  P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 • Fax: 206-623-9050*

claims.  Plaintiffs already have indicated their intent to seek fees as to any claims on which they prevail in this action.  It would be unfair to allow plaintiffs to voluntarily dismiss their losing claims and avoid a judgment against them on those claims and then allow them later to seek fees on the few claims on which they prevailed.  SHA has incurred substantial fees and costs to defend the claims, and if plaintiffs' motion to dismiss were to be granted, SHA should be awarded its fees and costs.  *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  SHA reserves its right to submit its requested fees and costs to the Court should it impose this requested condition in lieu of denying the voluntary dismissal.

DATED this 18th day of October, 2012.

ANDREWS ▪ SKINNER, P.S.

By: /s/  Laura Hawes Young
KRISTEN DORRITY, WSBA #23674
Email:  kristen.dorrity@andrews-skinner.com
LAURA HAWES YOUNG, WSBA #39346
Email: laura.young@andrews-skinner.com
A N D R E W S ▪ S K I N N E R ,  P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*
Attorneys for Defendants SHA and Thomas Tierney

A n d r e w s ▪ S k i n n e r ,  P . S .
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

1

## <u>CERTIFICATE OF SERVICE</u>

2

3      I hereby certify that on the 18th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

4

5                                                    /s/  Laura Hawes Young
                                                     KRISTEN DORRITY, WSBA #23674
6                                                    LAURA HAWES YOUNG, WSBA #39346
                                                     A N D R E W S ▪ S K I N N E R ,  P . S .
7                                                    *645 Elliott Ave. W., Ste. 350*
                                                     *Seattle, WA 98119*
8                                                    *Tel: 206-223-9248 ▪ Fax: 206-623-9050*
                                                     Email:  kristen.dorrity@andrews-skinner.com
9                                                    laura.young@andrews-skinner.com
                                                     Attorneys for Defendants SHA and Thomas Tierney

10

11

12

13

14

15

16

17

18

19

20

21

22

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION       A n d r e w s ▪ S k i n n e r ,  P . S .
TO DISMISS (2:10-cv-1217 RAJ) - 7               *645 Elliott Ave. W., Ste. 350*
                                                *Seattle, WA 98119*
                                                *Tel: 206-223-9248 ▪ Fax: 206-623-9050*