THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS SHEPHERD, KOMBA NGAUJA KHADIJA BIN and the RESIDENT ACTION COUNCIL,<br><br>Plaintiffs,<br>v.<br><br>WELDON MEDIATION SERVICES, INC., LAWRENCE N. WELDON, SEATTLE HOUSING AUTHORITY, and TOM TIERNEY, Executive Director of Seattle Housing Authority, in his Official Capacity,<br><br>Defendants. | NO. 10-1217-RAJ<br><br>PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE RE MOTION TO DISMISS CERTAIN CLAIMS<br><br>**NOTED FOR HEARING:**<br>**OCTOBER 26, 2012** |

I.   **RELIEF REQUESTED**

Plaintiffs Khadija Bin and Resident Action Council seek an order dismissing the language access claim, the compulsory process claim, and the special master claim with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2):

II.   **ARGUMENT AND AUTHORITY**

   A.   **Defendants have failed to show that they will suffer "legal prejudice" by entry of a Voluntary Dismissal with Prejudice on these claims**

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE RE
MOTION TO DISMISS CERTAIN CLAIMS - 1

Northwest Justice Project
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519  Fax (206) 624-7501

The Defendants argue that the Plaintiffs should not be able to voluntarily dismiss claims in order avoid an expected adverse result. However, the cases on which the Defendants rely for this argument all hold that a plaintiff should not be able to avoid an adverse result by voluntarily dismissing claims <u>without prejudice</u>. See *Phillips USA Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (plaintiff's motion to dismiss *without prejudice* was properly denied where adverse result was expected on pending summary judgment motion); see *Pace v. Southern Express Co.,*, 409 F.2d 331, 334 (7th Cir. 1969) (same); see also *Radiant Technology Corp. v. Wal-Mart*, 122 F.R.D. 201, 205 (N.D.Tex. 1988) (motion for dismissal without prejudice was granted over defendant's argument that failure to adjudicate the plaintiff's claims on the merits would cause legal prejudice). When an adverse result is expected, a dismissal without prejudice can cause legal prejudice because the plaintiff may re-file the claims later, presumably under more favorable circumstances. See *Pace* at 334. But there is no such risk of legal prejudice here, if the language access, compulsory process and special master claims are dismissed with prejudice. See *Smoot v. Fox*, 340 F.2d 301, 302 (6th Cir. 1964) ("Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties.").

Defendants' argument that they will suffer "legal prejudice" by entry of a Voluntary Dismissal with Prejudice because they will be deprived of a final ruling is legally flawed. Specifically, Defendants allege that they have a legal interest in obtaining a final ruling to defend themselves against future litigation by Plaintiffs' counsel who could raise the same arguments with different plaintiffs. Defendants offered no actual evidence that undersigned counsel are contemplating any future litigation of any kind against these Defendants on any issues. In effect, Defendants are asking the Court to rule against claims not yet filed by non-existing plaintiffs. This Circuit has specifically held that "uncertainty caused by the threat of future litigation" does not

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE RE
MOTION TO DISMISS CERTAIN CLAIMS - 2

Northwest Justice Project
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519 Fax (206) 624-7501

1 amount to legal prejudice. See *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). On the

2 claims at issue in this case, these plaintiffs are giving up any rights they may have to raise these

3 claims in the future by voluntarily dismissing their case *with* prejudice. See *Smoot v. Fox*, 340

4 F.2d 301, 302 (6th Cir. 1964)( "Dismissal of an action with prejudice is a complete adjudication

5 of the issues presented by the pleadings and is a bar to further action between the parties."). See

6 also *Smith v. Lenches* at 976 ("A dismissal under Rule 41(a)(2) normally is without prejudice, as

7 explicitly stated in that rule.").

8 Defendants' allegation that they will suffer "legal prejudice" based on the timing of

9 Plaintiffs' Voluntary Dismissal with Prejudice is equally flawed. Specifically, defendants argue that

10 Plaintiffs waited to file this motion after summary judgment motions were filed and until the court

11 was about to enter an adverse ruling against Plaintiffs. Presumably, Plaintiffs gain a tactical

12 advantage by voluntarily dismissing their motions with prejudice. The Ninth Circuit has held that

13 "plain legal prejudice does not result merely because the defendant will be inconvenienced ... or

14 where a plaintiff would gain a tactical advantage by that dismissal." *Smith v. Lenches* at 976. In

15 this regard, *Smith v. Lenches* is particularly instructive because it involved plaintiffs who voluntarily

16 dismissed all of their federal claims with prejudice so that they could pursue a parallel state action

17 where law was more favorable to them. *Id.* at 974. The Court reasoned that because the federal

18 claims against the defendants had been dismissed with prejudice, the defendants suffered no "legal

19 prejudice." *Id.* at 976. Also, reasoning that there was nothing wrong with plaintiffs' decision to

20 dismiss their claims for a more favorable forum, the Ninth Circuit found no abuse of discretion with

21 the lower court's decision to deny fees and costs. *Id.* at 979. In this case, Plaintiffs are seeking to

22 completely dismiss these federal claims with prejudice, not hoping for a more favorable forum. No

23 "legal prejudice" will be suffered by Defendants.

24

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE RE
MOTION TO DISMISS CERTAIN CLAIMS - 3

Northwest Justice Project
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519 Fax (206) 624-7501

Defendants' argument that they will suffer "legal prejudice" because summary judgment motions are purportedly "resolved," is both legally and factually incorrect. First, as established in *B. Pontenberg v. Boston Scientific Corporation*, "neither the fact that the litigation has proceeded to the summary judgment stage ... conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." 252 F.3d 1253, 1256 (11th Cir. 2001). Moreover, in that case the court ruled that assessing costs against Plaintiff, *if* Plaintiff re-filed her action against Defendants was appropriate. But in this case, Plaintiffs are specifically asking the court to enter a Voluntary Dismissal with Prejudice which will prevent them from re-filing an action on these claims. Having Plaintiffs' claims dismissed with prejudice is for all practical purposes the ultimate term or condition against them.

As to Defendants' allegation that the summary judgment motions are "resolved," suffice it to say that although the Court has issued preliminary conclusions, it has not entered a final order and it has specifically scheduled oral argument on these and all other claims. See Dkt. No 158 and Dkt. No. 158-1. It has never been Plaintiffs' impression that the Court does not genuinely plan to listen to the parties' arguments on any of the claims argued at the upcoming hearing before it enters a final order. Moreover, if Defendants truly believe that the preliminary conclusions are actually final, they failed to explain why they have not conceded on the significant number of issues that the Court appeared to be favoring the Plaintiffs in the same preliminary conclusions. Plaintiffs can only assume that Defendants plan to argue all of their remaining summary judgment cross-motions at the hearing.

Defendants' argument that entry of Plaintiffs' motion at this stage—after the significant time and resources expended on these claims—is both inherently unfair and prejudicial, is also legally erroneous. The legal standard for determining "legal prejudice" is whether Defendants

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE RE
MOTION TO DISMISS CERTAIN CLAIMS - 4

Northwest Justice Project
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519  Fax (206) 624-7501

would suffer "prejudice to some legal interest, some legal interest, some legal claim." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). There is no element of "unfairness" attached to this definition. And this Circuit has specifically held that "the expense incurred against defending a lawsuit does not amount to legal prejudice." *Westlands* at 97.

Defendants' argument that Plaintiffs failed to provide "a good cause" for dismissal has no legal basis. Defendants cited no legal authority for such a requirement. In the context of whether a dismissal should be *with or without prejudice*, this Circuit has held that one of the elements the Court can look at is the sufficiency of plaintiffs' explanation for the dismissal. See *Burnette v. Godshall*, 828 F.Supp. 1439, 1443-1444. (N.D. Cal. 1993), *aff'd sub nom., Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995). Here, Plaintiffs still believe that their positions have merit but do not anticipate that the Court will adopt their reasoning and would prefer to concede to the dismissal of those claims rather than require the Court and the parties to expend further time and resources on them. See Dkt #160.

### B. The Defendants Are Not Entitled To Attorney Fees and Costs.

Defendants erroneously argue that they should be awarded attorney fees and costs if the Court enters Plaintiffs' Voluntary Dismissal with Prejudice. When a dismissal with prejudice is entered, attorney fees and costs cannot be awarded to Defendants as there is no future risk of litigation. See *Burnette* at 1444. Moreover, to the extent that attorney fees may be imposed under Rule 41(a)(2), other circuits have ruled that this may be done only in "extraordinary circumstances" such as: "when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *Steinert v. Winn Group*, 440 F.3d 1214, 1222 (10th Cir. 2006). Defendants have not provided any such evidence in this case.

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE RE
MOTION TO DISMISS CERTAIN CLAIMS - 5

Northwest Justice Project
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519 Fax (206) 624-7501

Defendants' reliance on *Westlands Water District v. United States* for the proposition that they are entitled to attorneys' fees and costs if Plaintiffs' motion is granted is misplaced. *Westlands*, in fact, stands for the following proposition: "We have explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands* at 97. In addition, *Westlands* specifically dealt with a voluntary dismissal *without* prejudice, where courts may impose costs and fees but are not required to do so. See *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)("Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory.").

There is no legal basis to grant attorney fees and costs to defendants in a voluntary dismissal with prejudice. But, should the court grant the dismissal with prejudice and impose additional terms, Plaintiffs respectfully reserve the right to withdraw this motion and argue these claims on the merits at the upcoming hearing. See *Lau v. Glendora Unified School District*, 792 F.2d 929, 930 (9th Cir. 1986) ("Plaintiff [has] the option to refuse the voluntary dismissal if the conditions imposed are too onerous.").

### III. CONCLUSION

For the reasons stated above, the Court should enter an order dismissing the Plaintiffs' language access claim, compulsory process claim, and special master claim under Rule 41(c)(2) with prejudice as the sole term.

RESPECTFULLY SUBMITTED this 19th day of October, 2012.

**NORTHWEST JUSTICE PROJECT**

By: _____
Leticia Camacho, WSBA #31341/Eric Dunn, WSBA #36622
Allyson O'Malley-Jones, WSBA #31868
Attorneys for Plaintiffs

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE RE
MOTION TO DISMISS CERTAIN CLAIMS - 6

Northwest Justice Project
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519  Fax (206) 624-7501