HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS SHEPHERD, et al.,

    Plaintiffs,

    v.

WELDON MEDIATION SERVICES, INC., et al.,

    Defendants.

CASE NO. C10-1217RAJ

ORDER

This matter comes before the court on Plaintiffs' motion to dismiss certain claims voluntarily. Dkt. # 160. For the reasons stated herein, the court directs the clerk to TERMINATE the motion because Plaintiffs have withdrawn it.

Plaintiffs' filed their motion in the wake of the court's September 24, 2012 order that terminated six summary judgment motions and directed the parties to address, at an upcoming oral argument, a lengthy unsigned order that set forth the court's likely disposition of those motions. After reviewing the unsigned order, Plaintiffs filed the instant motion. In it, they proposed to dismiss, with prejudice, all but one of the claims and issues on which they appeared likely to lose. Defendants opposed the motion.

The court's decision on a motion for voluntary dismissal is a matter of discretion.[1] *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Although the

---

[1] A plaintiff may voluntarily dismiss her case as a matter of right before the defendant files an answer or a motion for summary judgment, or by the stipulation of all parties. Fed. R. Civ. P. 41(a)(1)(A). All other voluntary dismissals require a court order. Fed. R Civ. P. 41(a)(2).

ORDER – 1

court can use its discretion to condition the dismissal "on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2), it can deny a motion for voluntary dismissal only where it cannot avoid "plain legal prejudice" to the defendant. *Westlands*, 100 F.3d at 96. Legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Id.* at 97. Other forms of prejudice are insufficient, including uncertainty over an unresolved dispute, delay in resolving a dispute, and undue expense. *Id.* at 96-97.

The court agrees that no "plain legal prejudice" to Defendants would result from Plaintiffs' proposed voluntary dismissal. The court finds, however, that Plaintiffs' request has the unjust consequence of depriving Defendants of a reasoned decision as to those aspects of this lawsuit on which they prevailed. Defendants (like Plaintiffs) invested substantial resources in litigating this hotly contested case for more than two years.

At oral argument, the court gave Plaintiffs a choice. They could either withdraw their request for voluntary dismissal, or they could pay Defendants' attorney fees for those claims and issues within the scope of their proposed dismissal. The court proposed that option because it finds that paying Defendants' fees would be a fair condition to impose, given Plaintiffs' eleventh-hour request for dismissal. Plaintiffs elected to withdraw their request for dismissal rather than pay fees. This order memorializes that choice.

DATED this 31st day of October, 2012.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2